UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATASHA NUNN-PAIGE and DEMETRIUS PAIGE,<br><br>    Plaintiffs,<br><br>  v.<br><br>JAMES WORTMAN, M.D., YAM TONG, D.O., ALAN PEACEMAN, M.D., JUAN APARICIO, M.D., OLUWATENIOLA BROWN, M.D., NORTHWESTERN MEMORIAL HOSPITAL, NORTHWESTERN MEMORIAL FACULTY FOUNDATION, RIVERFOREST ADVANCED IMAGING CENTER d/b/a VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., WEST SUBURBAN HOSPITAL MEDICAL CENTER d/b/a RESURRECTION UNIVERSITY, and THOMAS FINGLER, M.D.,<br><br>    Defendants. | No.<br><br>Judge<br><br>Formerly Case No. 2018 L 11716<br>Circuit Court of Cook County, Illinois |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To: Dorothy Brown        Motherway & Napleton, LLP
   Clerk of the Circuit Court     140 S. Dearborn Street, Suite 1500
   Richard J. Daley Center, Room 1001 Chicago, Illinois 60603
   50 W. Washington Street     *Attorneys for Plaintiffs*
   Chicago, Illinois 60602

   *See additional service list attached*

  The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1. On October 29, 2018, plaintiffs Natasha Nunn-Paige and Demetrius Paige commenced the above civil action against James Wortman, M.D., alleging medical malpractice. Plaintiffs also named Yam Tong, D.O., and others as "respondents-in-discovery," which, under Illinois rules of civil procedure, obligated Dr. Tong to respond to discovery in the same manner as a named defendant. 735 ILCS §5/2-402. A copy of the state court complaint is attached as Exhibit A.

2. Dr. Tong is an employee of PCC Community Wellness Center. For purposes of this lawsuit, PCC Community Wellness Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Exhibit B. Dr. Tong was acting within the scope of his employment at PCC Community Wellness Center with respect to the incidents referred to in the complaint. *Id.*

3. This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant PCC Community Wellness Center was a private entity receiving grant money from the Public Health Service and that defendant Yam Tong, D.O., was acting within the scope of his employment at PCC Community Wellness Center with respect to the incidents referred to in the complaint. Exhibit B.

4. This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

5. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of Yam Tong, D.O.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Yam Tong, D.O.

        Respectfully submitted,

        JOHN R. LAUSCH, Jr.
        United States Attorney

    By: s/ Sarah F. Terman
        SARAH F. TERMAN
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 469-6201
        sarah.terman@usdoj.gov

**Additional Service List**

Sherri M. Arrigo
Katie B. Trucco
Donohue, Brown, Mathewson & Smyth
140 S. Dearborn St., Suite 800
Chicago, IL 60603
*Attorneys for James Wortman, M.D.*

Moses Suarez
Kevin M. McInerney
Smith Amundsen
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
*Attorneys for West Suburban Medical Center d/b/a Resurrection University and River Forest Advance Imaging Center b/b/a VHA Acquisition Subsidiary Number 4, Inc.*

Elizabeth A. Bruer
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
*Attorney for Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, Alan Peaceman, M.D., and Oluwateniola Brown, M.D.*

Mark J. Smith
Randy L. Brill
Smith Blake Hill LLC
20 N. Clark St., Suite 1700
Chicago, IL 60602
*Attorneys for Thomas Figler, M.D.*

# Exhibit A

BZS:cms

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| NATASHA NUNN-PAIGE, and DEMETRIUS PAIGE, | ) ) ) | **FILED** 10/29/2018 4:18 PM DOROTHY BROWN CIRCUIT CLERK COOK COUNTY, IL |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| JAMES WORTMAN, M.D., | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | No. **2018L011716** |
| YAM TONG, D.O., ALAN PEACEMAN, M.D., JUAN APARICIO, M.D., OLUWATENIOLA BROWN, M.D., NORTHWESTERN MEMORIAL HOSPITAL, NORTHWESTERN MEDICAL FACULTY FOUNDATION, RIVERFOREST ADAVNCED IMAGING CENTER d/b/a VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., WEST SUBURBAN HOSPITAL MEDICAL CENTER d/b/a RESURRECTION UNIVERSITY, and THOMAS FIGLER, M.D. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents in Discovery. | ) | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, NATASHA NUNN PAIGE and DEMETRIUS PAIGE, by and through their attorneys, MOTHERWAY & NALPLETON, LLP, and complaining of the defendant, JAMES WORTMAN, M.D., states as follows:

### COUNT I- PROFESSIONAL NEGLIGENCE/JAMES WORTMAN, M.D.

1. At all times herein mentioned the defendant, JAMES WORTMAN, M.D., was a radiologist duly licensed to practice medicine in the state of Illinois.

2. On June 9, 2016, defendant JAMES WORTMAN, M.D. interpreted an ultrasound ordered by respondent in discovery, YAM TONG, D.O.

3. On October 24, 2016, JAMES WORTMAN, M.D. interpreted an ultrasound ordered by respondent in discovery, YAM TONG, D.O.

4. On June 9, 2016 and October 24, 2016, and continuing thereafter, defendant JAMES WORTMAN, M.D. deviated from the standard of care in one or more of the following respects:

    (a) failed to properly interpret the fetal ultrasound; and/or
    (b) failed to report a placental accrete; and/or
    (c) failed to report a placental previa.

5. As a proximate result of one or more of the aforesaid negligent acts or omissions of the defendant, JAMES WORTMAN, M.D., NATAHSA NUNN PAGIE and DEMETRIUS PAIGE suffered from injuries of a personal and pecuniary nature.

6. Attached hereto and made part thereof is an affidavit executed pursuant to 735 ILCS 5/2-622.

WHEREFORE, plaintiffs, NATAHSA NUNN PAIGE and DEMETRIUS PAIGE, demands judgment against the defendant, JAMES WORTMAN, M.D., in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, Law Division.

### COUNT II- LOSS OF CONSORTIUM/JAMES WORTMAN, M.D.

NOW COMES the plaintiff, DEMETRIUS PAIGE, and complaining of defendant, JAMES WORTMAN, M.D., and states as follows:

1-4. The plaintiff, DEMETRIUS PAIGE, repeats and realleges the allegations in paragraphs 1 through 4 of this Complaint at Law, as if fully set forth herein.

5. At all times herein mentioned, the plaintiff, DEMETRIUS PAIGE, was and he remains the lawful spouse of NATASHA NUNN PAIGE.

6. As a proximate result of one or more of the foregoing negligent acts or omissions of each defendant, the plaintiff, NATASHA NUNN PAIGE, was injured and suffered damages of a personal and pecuniary nature.

7. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of each defendant, the plaintiff, DEMETRIUS PAIGE, suffered injuries to the marital relationship and the loss of consortium of his spouse.

WHEREFORE, plaintiff, DEMETRIUS PAIGE, demands judgment against the defendant, JAMES WORTMAN, M.D. in a sum in excess of the jurisdictional limits of the Circuit Court of Cook County, Law Division.

## RESPONDENTS IN DISCOVERY

Plaintiffs, NATASHA NUNN PAIGE and DEMETRIUS PAIGE, hereby names YAM TONG, D.O., ALAN PEACEMAN, M.D., JUAN APARICIO, M.D., OLUWATENIOLA BROWN, M.D., NORTHWESTERN MEMORIAL HOSPITAL, NORTHWESTERN MEDICAL FACULTY FOUNDATION, RIVERFOREST ADAVNCED IMAGING CENTER d/b/a VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., WEST SUBURBAN HOSPITAL MEDICAL CENTER d/b/a RESURRECTION UNIVERSITY, THOMAS FIGLER, M.D. as Respondents in Discovery pursuant to 735 ILCS 2-402.

FILED DATE: 10/29/2018 4:18 PM 2018L011716

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for the plaintiff avers that the money damages herein sought exceed FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully submitted,

BRADLEY Z. SCHULMAN
Attorney for plaintiff

MOTHERWAY & NAPLETON, LLP
140 S. Dearborn, Ste. 1500
Chicago, IL 60603
(312) 726-2699
Attorney No. 56421

4

# Exhibit B

## **CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Natasha Nunn-Paige, et al. v. James Wortman, et al.*, No. 18 L 11716 (Circuit Court of Cook County, Ill.), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the PCC Community Wellness Center (PCC) was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Yam Tong, D.O., was acting within the scope of his employment at the PCC Community Wellness Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Yam Tong, D.O., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

    s/ *Thomas Walsh*
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
    for the Northern District of Illinois

Date: April 4, 2019